# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEROME L. GRIMES,

                        **Plaintiff,**

v.                                            **Case No:   6:16-cv-268-Orl-18GJK**

EDWARD KELLY, JR.,

                        **Defendant.**

---

## REPORT AND RECOMMENDATION

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **[MOTION FOR LEAVE TO PROCEED] IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **February 16, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, the complaint be dismissed, and the case be closed**.

## I.   <u>BACKGROUND.</u>

      On February 16, 2016, Plaintiff filed what appears to be at least his ninth (9) complaint (the "Complaint"), which has included claims arising out of his September 12, 2015 arrest for making an illegal U-Turn.[1]   The Complaint is handwritten, largely unintelligible, contains no

---

[1] *See Grimes v. Senninger*, No. 6:15-cv-1938-Orl-40GJK, Doc. Nos. 1, 4 (M.D. Fla.); *Grimes v. Kelly*, No. 6:15-cv-1955-Orl-37GJK, Doc. Nos. 1, 3 (M.D. Fla.); *Grimes v. Senninger*, No. 6:15-cv-2072-Orl-40GJK, Doc. Nos. 1, 5 (M.D. Fla. ); *Grimes v. Kelly,* No. 6:15-cv-2073-Orl-40DAB, Doc. Nos. 1, 5 (M.D. Fla. ); *Grimes v. Senninger*, No. 6:15-cv-2193-Orl-41TBS, Doc. Nos. 1, 4 (M.D. Fla. ); *Grimes v. Kelly*, No. 6:16-cv-117-Orl-22DAB, Doc. Nos. 1-2 (M.D. Fla. ); *Grimes v. Public Defender's Office*, No. 6:16-cv-118-Orl-37GJK, Doc. Nos. 1-2 (M.D. Fla. ); *Grimes v. Orange Cnty Traffic Court*, No. 6:16-cv-376-Orl-41GJK, Doc. Nos. 1, 3 (M.D. Fla. ).

basis for the Court to exercise subject matter jurisdiction, and requests no specific relief other than for the Court to enter an order requiring the Defendant to submit to a lie detector test and to admit to his involvement in the terrorist attacks of September 11, 2001.  Doc. No. 1 at 1-5.  All of Plaintiff's prior claims against the Defendant and others arising out of Plaintiff's arrest on September 12, 2015 have been dismissed.   *See supra* n.1.

Plaintiff is well-known to this Court and other federal courts throughout the nation as a frequent and frivolous litigator.   In *Grimes v. Public Defender's Office*, No. 6:16-cv-118-Orl-37GJK, Doc. No. 2 at 2 (M.D. Fla. Feb. 3, 2016), the Court found the following:

> The Court takes judicial notice of orders entered in the United States District Court, Northern District of California and the United States District Court, Western District of Louisiana.   In case number 4:15-cv-436-JSW(PR), the Northern District of California noted that "[o]n May 18, 2000, this Court informed Plaintiff that under the 'three-strikes' provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma paupers* in federal courts with civil actions filed while he is incarcerated." (citing *Grimes v. Oakland Police Dep't*, C 00-11000 CW (Order Dismissing Complaint, 5/18/00)).   The court also noted that Plaintiff had filed "hundreds of civil rights actions seeking *in forma pauperis* status."  *Id.*; *see also* 4:07-cv-1726-CW(PR).   Additionally, in the Western District of Louisiana, the court noted that Plaintiff has "filed more than 350 complaints and appeals [, and] [t]hree or more of them have been dismissed as frivolous."  *See* Case No. 5:12-cv-3159-EEF-MLH, Doc. No. 16.   A review of PACER confirms that Plaintiff has filed hundreds of actions in several district courts in the United States and has had three or more cases dismissed for failure to state a claim or as frivolous.

*Id*.   Thus, while Plaintiff is not currently incarcerated, the undersigned takes judicial notice of the fact that Plaintiff is a vexatious litigator.   *See* Doc. Nos. 1, 4 (providing residential mailing address).

Now before the Court is Plaintiff's motion to proceed *in forma pauperis* (the "Motion"). Doc. No. 2.   The Motion is a handwritten, is not on the proper form, and is not notarized.   Doc.

No. 2.   For the reasons set forth below, it is **RECOMMENDED** that the Court **DENY** the Motion, **DISMISS** the Complaint, and direct the Clerk to **CLOSE** the case.

## II.   THE LAW.

### A.  The Statute and Local Rules.

The United States Congress has required that the district court review[2] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim.   *See* 28 U.S.C. § 1915.   The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.*   Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal --
>     (i)   is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (2010) (formerly § 1915(d)).[3]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*.   *See* Local Rule 4.07.   Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.   Local Rule 4.07(a).   The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.   Local Rule

---

[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.   Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07 (a).

[3] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.   28 U.S.C. § 1915(a)(3).

6.01(c)(18).    With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge.    *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate.    Local Rule 4.07(a).

### B.       Discretion Under 28 U.S.C. § 1915.

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.    *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).[4] The pauper's affidavit should not be a broad highway into the federal courts.    *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).    Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit.    *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C.       Frivolous Actions Under 28 U.S.C. § 1915(e)(2)(B)(i).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight or "where it lacks an arguable basis either in law or in fact."    *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990).[5]   The

---

[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2).    *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

[5] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of § 1915(e)(2).

trial court must determine whether there is a factual and legal basis of constitutional or statutory dimension for the asserted wrong. *Clark*, 915 F.2d at 639. Specifically, a complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]" *Id*. at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28). Accordingly, where a district court determines from the face of the complaint that the legal theories are indisputably meritless or the factual allegations are clearly baseless, the court may conclude that the case has little or no chance of success and dismiss the complaint before service has been perfected. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). Critical to the Court's analysis is whether the claims asserted are within the limited jurisdiction of the federal courts. *See generally Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

## III.   ANALYSIS.

Plaintiff is a vexatious litigator, who has repeatedly received thorough instructions on the requirements of filing a proper complaint and a motion to proceed *in forma pauperis*. *See supra* n.1. In this case, the Complaint fails to comply with the rudimentary requirements of Rule 8, Federal Rules of Civil Procedure. As such, the Complaint is due to be dismissed. Moreover, the factual allegations are clearly baseless, fanciful, fantastic, scandalous, and delusional. Doc. No. 1 at 1-4. Based on the pleading at issue and Plaintiff's numerous failed attempts to pursue similar claims, the undersigned is convinced that leave to amend in this case would be futile. *See supra* n.1. Accordingly, it is **RECOMMENDED** that the Court enter an order:

1. **DENYING** the Motion (Doc. No. 2);

2. **DISMISSING the case as frivolous**; and

3. **DIRECTING** the Clerk to close the case.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**Recommended** in Orlando, Florida on April 12, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy